UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN PRUKOP,<br><br>            Plaintiff,<br><br>    v.<br><br>KING COUNTY SHERIFF, *et al.*,<br><br>            Defendants. | CASE NO. C07-216RSM<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME |

      This matter comes before the Court on Plaintiff's "Enlargement of Time for Joinder of Additional Parties." (Dkt. #28). Plaintiff John Prukop, appearing pro se, seeks an extra 30 days beyond the February 17, 2009 deadline imposed by the Court to join additional parties. Plaintiff claims that good cause exists for such an extension based upon several personal reasons that have justified the delay, including a two-week sickness and the process of obtaining transitional housing for his family. (Dkt. #28, ¶¶ 4,5). However, the Court finds no reason to grant Plaintiff's motion for the following three reasons.

      First, and as Defendants correctly indicate, Plaintiff has failed to note his motion in accordance with the Court's rules. Local Rule CR 7(d)(2)(A) very clearly requires a motion for a relief from a deadline to be noted no earlier than seven judicial days after filing. Here, Plaintiff filed his motion on February 20, 2009 and noted his motion on February 27, 2009, or five judicial days thereafter. Plaintiff's motion should have been noted no earlier than March 3, 2009. While pro se plaintiffs are ultimately held "to less stringent standards than formal

ORDER
PAGE - 1

pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), it is equally well-established that "courts should not have to serve as advocates for pro se litigants." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). This was made expressly clear in this Court's previous Order denying Defendants' motion to dismiss. (Dkt. #20). Indeed, the Court informed Plaintiff "that it is his duty to be apprised of the relevant rules of the Court throughout this litigation." (*Id*. at 4). The Court will once again reiterate to Plaintiff that "[h]e who proceeds pro se with full knowledge and understanding of the risks does so with no greater rights than a litigant represented by a lawyer, and the trial court is under no obligation to . . . assist and guide the pro se layman[.]" *Jacobsen v. Filler*, 790 F.2d 1362, 1365, n. 5 (9th Cir. 1986) (citation omitted).

Second, considerable delay has already occurred in this case. Plaintiff brought this lawsuit more than two years ago, yet this case remains at its infancy stages. The parties only recently submitted their Joint Status Report, and it appears that discovery has not even occurred. Given Plaintiff's serious allegations that Defendants are in violation of his constitutional rights based on events that occurred more than three years ago, it is certainly in Plaintiff's best interest to begin discovery as soon as possible. Therefore further extensions in this case will only inhibit Plaintiff's ability to litigate this case in an expedient fashion.

Third, and relatedly, Plaintiff had clear notice of this deadline on December 23, 2008, when the Court issued its initial scheduling order. (Dkt. #27). In fact, the Court previously granted Plaintiff's telephonic request to continue the January 20, 2009 deadline for joinder of parties to February 17, 2009. Nevertheless, Plaintiff waited until three days after the deadline had passed to move for an extension of time. This neglect is inexcusable. Again, the Court finds it worthwhile to restate portions of its previous order:

> The Court reminds Mr. Prukop that as the plaintiff in the instant action, it is his responsibility to pursue his claims with reasonable diligence and in accordance with the rules of the Court. Mr. Prukop is on notice that failure to comply with conditions of this Order or to otherwise comply with the rules of this Court from this point forward is sufficient grounds for the Court to dismiss his claim. The record clearly shows that Mr. Prukop has not been proactive in the prosecution of his case, and the Court will not tolerate any further delays.

(Dkt. #20 at 7).

ORDER
PAGE - 2

Therefore having reviewed the relevant pleadings, and the remainder of the record, the Court hereby finds and orders:

(1) Plaintiff's "Enlargement of Time for Joinder of Additional Parties" (Dkt. #28) is DENIED.

(2) The Clerk is directed to forward a copy of this Order to all counsel of record and to pro se Plaintiff.

DATED this  9  day of March, 2009.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE