UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN R. PRUKOP, | CASE NO. C07-0216 RSM |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |
| KING COUNTY SHERIFF, and METROPOLITAN KING COUNTY, a Municipal Corporation, | |
| Defendants. | |

## I. INTRODUCTION

This matter comes before the Court on Defendants' Motion for Summary Judgment (Dkt. #35). Plaintiff brings this action for age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") and civil rights violations under 42 U.S.C. § 1983 and 18 U.S.C. §1951. Defendants argue that summary judgment should be granted in their favor because there is no private right of action under 18 U.S.C. §1951, Plaintiff has alleged no policy, practice, or custom that would give rise to a § 1983 claim, and Plaintiff can produce no evidence that Defendants failed to hire Plaintiff on the basis of his age. For the reasons set forth below, the Court agrees with Defendants and GRANTS Defendants' motion.

ORDER
PAGE - 1

## II. DISCUSSION

### A. Background

Plaintiff represents himself pro se in this age discrimination matter. In 2005, Plaintiff applied for the position of "entry-level" deputy sheriff with the King County Sheriff's Office ("KCSO"). King County's hiring process for deputy sheriffs has multiple stages. First, applicants must fill out an application, which is screened to determine if applicants meet minimum qualifications. Applicants that meet the minimum qualifications are invited to undergo a physical agility test. Applicants who pass that test then take a written exam. An applicant who passes the written exam is invited to an oral board examination, which is essentially an oral interview with a panel of three interviewers. If an applicant passes all these stages, he or she is placed on an entry-level employment list. When vacancies arise, positions are filled from that list and from a similar lateral-entry employment list.

Plaintiff, who was over forty years old when he applied, passed the physical agility test and written exam, but failed the oral board examination. Under KCSO's policy, oral board examinations are conducted by a three-person panel who follow a set script of interview questions and independently score applicants' answers as to seven different qualifications: people skills, judgment and problem solving, integrity, work ethic, service and teamwork, preparedness for law enforcement, and communication skills. The panelists determine overall scores for each qualification based on the scores for each individual question. If an applicant receives a zero score on any qualification for any question, that applicant receives a grant total score of zero and fails the oral board exam. The panelists are instructed that if an applicant disqualifies himself early in the interview with an answer that receives a zero score, the panelists must finish the entire interview. After each panelist scores the applicant independently, all three confer to determine whether the applicant passed or failed. Panelists reach consensus on whether an applicant passed or failed approximately 99% of the time.

Deputy Alex Quirit, Deputy Jason Escobar, and Detective Christopher Knudsen were the panelists who interviewed Plaintiff at the oral examination. Each of them had conducted

between 100 and 500 interviews in their experience. The percentage of applicants each panelist historically failed ranged between one third and one half, depending on the panelist. It is undisputed that the panelists followed standard procedure at all times and did not know Plaintiff before the examination. Plaintiff admitted that nobody made any negative comments regarding Plaintiff's age during the examination.

Each panelist independently scored Plaintiff. Detective Knudsen gave Plaintiff a zero in people skills, preparedness for law enforcement, and communication skills. Deputy Quirit gave Plaintiff a zero in people skills and preparedness for law enforcement. Deputy Escobar gave Plaintiff a zero in preparedness for law enforcement. Because a zero in any category on any question causes an applicant to fail the oral examination, the panelists all agreed that Plaintiff failed.

Eighteen days after failing the oral examination, Plaintiff was involved in an altercation in the middle of the night outside his home. Plaintiff discharged a firearm in the course of that incident and was arrested. A King County deputy seized Plaintiff's firearm and spotlight after Plaintiff signed a limited consent form.

Plaintiff filed this suit alleging that Defendants did not hire him for the position of entry-level deputy sheriff because of his age. He also alleges that Defendants violated his constitutional rights by arresting him, seizing his firearms, incarcerating him, and requesting that the judge in Plaintiff's criminal case impose excessive bail. Plaintiff argues these claims are cognizable under 42 U.S.C. § 1983 and the Hobbs Act, 18 U.S.C. § 1951.

Plaintiff has conducted no discovery in this case. Defendants filed this motion for summary judgment, which was originally noted for September 18, 2009. On September 17, 2009, three days after his response was due, Plaintiff requested a 20 day extension to file a response because he lost internet access and had not received Defendants' summary judgment motion. The Court granted the extension and instructed Plaintiff to file a response by October 12, 2009. Plaintiff filed his response two days late on October 14, 2009. The response did not contain a traditional legal argument, but instead consisted of Plaintiff's forty-four page

ORDER
PAGE - 3

declaration and attached exhibits. Plaintiff then filed a second declaration on October 16, 2009.

**B. Standard of Review**

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FRCP 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The Court must draw all reasonable inferences in favor of the non-moving party. *See F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds*, 512 U.S. 79 (1994). The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial. *See Anderson*, 477 U.S. at 257. Mere disagreement, or the bald assertion that a genuine issue of material fact exists, does not preclude the use of summary judgment. *See Coverdell v. Dept. of Social and Health Servs.*, 834 F.2d 758, 769 (9th Cir. 1987).

Genuine factual issues are those for which the evidence is such that "a reasonable jury could return a verdict for the non-moving party." *Anderson, 477 U.S. at 248*. Material facts are those which might affect the outcome of the suit under governing law. *Id.* In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (*citing O'Melveny & Meyers*, 969 F.2d at 747). Conclusory or speculative testimony is insufficient to raise a genuine issue of fact. *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 60 F. 3d 337, 345 (9th Cir. 1995).

**C. Age Discrimination**

The ADEA makes it "unlawful for an employer . . . to fail or refuse to hire . . . any individual . . . because of such individual's age." 29 U.S.C. § 623. Age discrimination claims are analyzed under the *McDonnell Douglas* burden-shifting analysis. *See Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir. 1994). First the plaintiff must make a prima

ORDER
PAGE - 4

declaration and attached exhibits. Plaintiff then filed a second declaration on October 16, 2009.

**B. Standard of Review**

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FRCP 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The Court must draw all reasonable inferences in favor of the non-moving party. *See F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds*, 512 U.S. 79 (1994). The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial. *See Anderson*, 477 U.S. at 257. Mere disagreement, or the bald assertion that a genuine issue of material fact exists, does not preclude the use of summary judgment. *See Coverdell v. Dept. of Social and Health Servs.*, 834 F.2d 758, 769 (9th Cir. 1987).

Genuine factual issues are those for which the evidence is such that "a reasonable jury could return a verdict for the non-moving party." *Anderson, 477 U.S. at 248*. Material facts are those which might affect the outcome of the suit under governing law. *Id.* In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (*citing O'Melveny & Meyers*, 969 F.2d at 747). Conclusory or speculative testimony is insufficient to raise a genuine issue of fact. *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 60 F. 3d 337, 345 (9th Cir. 1995).

**C. Age Discrimination**

The ADEA makes it "unlawful for an employer . . . to fail or refuse to hire . . . any individual . . . because of such individual's age." 29 U.S.C. § 623. Age discrimination claims are analyzed under the *McDonnell Douglas* burden-shifting analysis. *See Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir. 1994). First the plaintiff must make a prima

ORDER
PAGE - 4

facie case of discrimination. *Robinson v. Pierce County*, 539 F. Supp. 2d 1316, 1325 (W.D. Wash. 2008) (*citing McDonnel Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). "If the plaintiff succeeds in presenting a prima facie case, there is a rebuttable presumption of discrimination, and the burden of production shifts to the employer to produce a legitimate reason for the adverse employment action." *Id.* "If the defendant is able to do so, the defendant is entitled to judgment as a matter of law unless the plaintiff's showing creates a genuine issue of material fact to demonstrate that the reason produced is pretext for discrimination." *Id.* Even though the burden of production shifts, the ultimate burden of persuading the trier of fact remains at all times with the plaintiff. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1281 (9th Cir. 2000).

One way a plaintiff may make a prima facie case of discrimination is by presenting direct evidence of discriminatory intent. *Wallis*, 26 F.3d at 889. Here, Plaintiff alleges in his declaration that he heard deputies comment on his graying hair over police radio. Even if true, however, this presents no genuine dispute of material fact because there is no indication that the deputies that made this statement were involved in the decision not to hire Plaintiff.

A plaintiff can also make a prima facie case of discrimination on the basis of circumstantial evidence by showing (1) he was a member of a protected class (i.e. between forty and seventy years old), (2) he was qualified for the position for which he applied, (3) he was rejected for the position, and (4) a younger person with similar qualifications received the position. *Robinson*, 539 F. Supp. 2d at 1328 (*citing Cotton v. City of Alameda*, 812 F.3d 1245, 1248 (9th Cir. 1987)). Here, the second factor is disputed. Defendants contend that Plaintiff was not qualified for the position because he lacked people skills, communication skills, and preparedness for law enforcement, receiving zero scores in those categories which caused him to fail the oral board examination.

Plaintiff argues that he does have people skills and communication skills because he has a background as a "communication specialist." (Dkt. #51 at 7). Plaintiff asserted in his declaration that he worked at various radio and television stations as a weather forecaster and broadcaster and also as a 911 dispatcher and that this is evidence of his communication skills.

Defendants rebut this testimony by pointing out that this work experience evidences Plaintiff's ability to talk *at* people but not interact with them or listen to them. This appears to be reinforced by the scoring sheets Plaintiff's panelists completed which included notes that Plaintiff "name dropped a lot," (Dkt. #38-2 at 2), was "long winded," (*Id.*) and (Dkt. #39-2 at 10), spoke in "jargon" he knew panelists did not understand (*Id.*), and answered questions with racial undertones (*Id.*). It is perhaps a close question whether Plaintiff's history in communication fields and self-professed proficiency in communication is enough to "give rise to an inference of unlawful discrimination" which is necessary for a prima facie case. *Wallis*, 26 F.3d at 889. The Court need not decide this question, however, because Plaintiff has provided no evidence that he meets the preparedness for law enforcement requirement, a qualification for which all three panelists unanimously gave Plaintiff a zero score. Thus Plaintiff has failed to make out a prima facie case because he has not shown that he was qualified for the position.

Even if Plaintiff had met his burden to show a prima facie case of discrimination, Defendants met their burden of producing a nondiscriminatory reason for not hiring Plaintiff, and Plaintiff produced no evidence that the reason was pretextual. Defendants' reason for not hiring Plaintiff was that Plaintiff failed to convince an oral examination panel that he had communication skills, people skills, and was prepared for law enforcement. Plaintiff produced no evidence that Defendants did not follow their own protocol, that the panelists were anything other than impartial, or that they did anything improper. Plaintiff also failed to produce any evidence that younger applicants who gave answers similar to Plaintiff's received higher scores on the oral examination. No reasonable jury could find that the panel based its decision on Plaintiff's age, thus, summary judgment is GRANTED in favor of Defendants as to Plaintiff's age discrimination claim.

**D. § 1983 Claim**

Plaintiff's § 1983 claims in which he alleges that Defendants violated his civil rights must be dismissed. It is well-settled that there is no respondeat superior liability under

§ 1983. *Monell v. New York Dep't of Social Services*, 436 U.S. 68, 591 (1978). For Defendants to be liable under § 1983, Plaintiff must prove that there is a policy, practice, or custom adopted by Defendants that led to his injuries. *Anderson v. Warner*, 451 F.3d 1063, 1070 (9th Cir. 2006). Random acts or isolated events are insufficient to establish a policy or custom. *Thompson v. City of Los Angeles*, 885 f.2d 1439, 1443-44 (9th Cir. 1989). Plaintiff has not provided any evidence that Defendants had any policy that led to his claimed constitutional deprivations, nor has Plaintiff alleged that Defendants had such a policy. In the absence of a governmental policy, there is no basis to hold a municipality or sheriff's office liable.[1]

### E. Hobbs Act

Defendants argue that Plaintiff's claims for civil rights violations under the Hobbs Act must be dismissed because the Hobbs Act does not provide for a private right of action. Generally, a private right of action will not be implied to a statute unless legislative intent "can be inferred from the language of the statute, the statutory structure, or some other source." *Thompson v. Thompson*, 484 U.S. 174, 179 (1988). The Hobbs Act, 18 U.S.C. § 1951, is a criminal anti-extortion statute that states that "[w]hoever in any way or degree obstructs, delays, or affects commerce . . ., by robbery or extortion . . . shall be fined under this title or imprisoned not more than twenty years, or both." Plaintiff points to nothing in the statutory language or elsewhere that would indicate an implied private cause of action. At least one circuit court has specifically held that there is no private right of action under

---

[1] KCSO also argues that municipal police departments are not considered "persons" under 42 U.S.C. § 1983. According to the cases Defendants cite for this proposition, however, whether a municipal police department can be held liable under § 1983 depends on state law. *Compare* Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit . . .") *with* Shaw v. Califorina Dept of Alcoholic Beverage Control, 788 F.2d 600, 605 (9th Cir. 1986) (holding San Jose Police department may be sued under § 1983 according to California law). Because neither party discussed whether KCSO is a legal entity subject to suit under Washington law, the Court does not address this argument and instead grants summary judgment on the grounds articulated above – Plaintiff failed to prove KCSO had a policy or custom that violated his civil rights.

ORDER
PAGE - 7

18 U.S.C. § 1951. *Wisdom v. First Midwest Bank*, 167 F.3d 402, 408-409 (8th Cir. 1999). Plaintiff has offered no authority to the contrary. Accordingly, Plaintiff's claims under the Hobbs Act are dismissed.

**F. Motion to Strike**

In their reply memorandum, Defendants moved to strike all or part of Plaintiff's two response declarations on the grounds that (1) both were late, (2) the rules only permit a party to file one response, not two, (3) the response was overlong, (4) the declarations were not based on personal knowledge, (5) they contained hearsay, (6) many of the statements were irrelevant, and (7) the exhibits lacked authentication. While Defendants have strong arguments regarding these procedural deficiencies, the Court need not address them because the Defendants are entitled to summary judgment on the merits as explained above.

### III. CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Defendants' Motion for Summary Judgment (Dkt. #35) is GRANTED. This case is dismissed.

(2) The Clerk is directed to forward a copy of this Order to all counsel of record.

DATED this 5th day of November, 2009.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE